# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1879.

### CHRISTIAN KASSING ET AL.

### V.

### CATHERINE KEOHANE.

1. STATEMENT.—Appellee leased a lot to F for a term of years, who erected a dwelling house and shop thereon. F afterwards abandoned his family, and his wife leased the house to appellants, who now reside there. The rent being unpaid, appellee levied a distress warrant upon the buildings, and caused them to be sold, herself becoming the purchaser. She then brought forcible detainer against the tenants for possession.

2. FORCIBLE DETAINER—LIES ONLY FOR REAL PROPERTY.—The action of forcible detainer is maintainable only where the plaintiff seeks to obtain possession of real property. If the house in question is personal property, this action will not lie.

3. DISTRESS FOR RENT—ONLY ON PERSONAL PROPERTY—PRESUMPTION AS TO HOUSE.—A distress warrant can only be levied upon the personal property of the tenant. A dwelling house is *prima facie* real property, and in the absence of any agreement changing its character, it will be so held. This being presumed, it was not subject to distress for rent, and appellee acquired no rights under that proceeding.

ERROR to the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding. Opinion filed November 5, 1879.

Messrs. Sawin & Jones, for plaintiffs in error; contending that if the house was personal property, the constable must have had exclusive possession at the time of the sale, or the sale would be void, cited Davidson v. Waldron, 31 Ill. 120; Havely v. Lowry, 30 Ill. 446; Tibbetts v. Jageman, 58 Ill. 43; Miner v. Herriford, 25 Ill. 344; Herod v. Bartley, 15 Ill. 58.

Things affixed to the freehold are not subject to distraint: Taylor's Land. & Ten. § 592.

The right of homestead in a leasehold continues until the lease expires: Brown v. Keller, 32 Ill. 151.

It is not lost by compulsory or temporary absence: Walters v. The People, 21 Ill. 178; Potts v. Davenport, 79 Ill. 455.

Abandonment must be affirmatively shown: Stevenson v. Maroney, 29 Ill. 532; Wing v. Cropper, 35 Ill. 256.

No judgment lien attaches to homestead right: Hartwell v. McDonald, 69 Ill. 293; Green v. Marks, 22 Ill. 221; Brown v. Cozard, 68 Ill. 178; Conklin v. Foster, 57 Ill. 104.

Tenancy should have been terminated by notice, before levy and sale: Conklin v. Foster, 57 Ill. 104.

The sale being void, the purchaser acquired no title, and cannot maintain this action: White v. Clark, 36 Ill. 285; Moore v. Titman, 33 Ill. 358; Booker v. Anderson, 35 Ill. 66; Mooers v. Dixon, 35 Ill. 208; Silsbee v. Lucas, 36 Ill. 462.

Messrs. Gardner & Schuyler, for defendant in error; that a lease may be terminated by abandonment, cited McKenney v. Reader, 7 Watts, 123; Baker v. Pratt, 16 Ill. 568; Gazzolo v. Chambers, 73 Ill. 75.

Plaintiff in error, Kassing, by his former acts is now estopped from claiming the house as real property. A party cannot occupy two inconsistent positions: Bigelow on Estoppel, 578.

Bailey, P. J.  This was an action of forcible detainer, brought by Catherine Keohane against Christian Kassing, Michael J. Cahill, and Margaret Cahill, to recover possession of a certain dwelling house, situate on premises in Chicago, previously leased by the plaintiff to one Julius Feiberg.  The

facts upon which the rights of the party depend, so far as they are disclosed by the record, are briefly as follows:

On the 13th day of October, 1873, the premises in question being vacant, the plaintiff leased the same for a term of five years from that date to said Feiberg, reserving an annual rent of $75, payable quarterly in advance, the lessee also agreeing to pay all taxes on such improvements as he might put thereon. Shortly afterward, Feiberg erected on said premises a dwelling house, with a carpenter shop attached thereto, and occupied said dwelling house as a residence for himself and family for something over two years, when, in consequence of ill-treatment, his family left him and went to live in another part of the city. On leaving, Mrs. Feiberg took with her a portion of her furniture, leaving the residue in two rooms of the house. Shortly afterwards Feiberg disappeared, and has not since returned. The rent was paid by Feiberg up to the time of his disappearance, after which his wife continued to pay it for a short time. Mrs. Feiberg, after her husband went away, returned to and took possession of the house, and in pursuance of an order entered in a divorce suit brought by her against her husband, rented the house, except two rooms occupied by her furniture, to the defendant Cahill. At the commencement of this suit, the defendants held possession of the premises as tenants of or by virtue of some other right derived from her.

On the 11th day of June, 1877, the plaintiff, claiming a considerable amount of rent in arrears, issued her distress warrant, and caused the same to be levied upon the dwelling house and carpenter shop, and afterwards obtained judgment in the distress proceedings, under which the property distrained was sold, she, herself, becoming the purchaser. After such sale the plaintiff demanded possession of the property so sold, from the defendants, which being refused, the present suit was brought.

It is manifest that under this state of facts, this suit cannot be maintained. The action of forcible detainer is maintainable only where the plaintiff seeks to obtain possession of real property. If the house in question is to be regarded as personal and not real property, this action will not lie. The only right of possession shown by the plaintiff is that obtained

Clybourn v. P. Ft. W. & C. R. R. Co.

under the judgment and sale in the distress proceedings.    But a distress warrant can only be levied upon the personal property of the tenant.    It is only upon the assumption that the house was a chattel that any rights can be claimed through that proceeding.    In fact, it seems immaterial whether the house be deemed real or personal property, so far as this suit is concerned.    If the former, the distress proceedings were ineffectual in passing any title to the plaintiff; if the latter, possession cannot be obtained through the instrumentality of this suit.    Either view is fatal to the plaintiff's recovery.

It may be remarked that a dwelling house is, *prima facie,* real property, and in the absence of any agreement changing its character, it will be so held.    We fail to find in the record any evidence of an agreement between the plaintiff and his tenant under which the house can be held to be a mere chattel. It must then be presumed to be a part of the realty, and so not subject to levy upon a distress warrant.    No facts appear in the record tending to establish a termination of the tenancy prior to the commencement of this suit.    We are unable to discover any principle upon which this suit can be maintained.    The judgment being against well settled principles of law, must be reversed and the cause remanded.

Judgment reversed.